UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| GENESSON BERAUT, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 24-163-DCR |
| | ) | |
| v. | ) | |
| | ) | |
| WARDEN KEVIN MAZZA, et al., | ) | **MEMORANDUM ORDER** |
| | ) | |
| Defendants. | ) | |

\*\*\*   \*\*\*   \*\*\*   \*\*\*

By Order dated June 18, 2024, and following initial screening pursuant to 28 U.S.C. §§ 1915A and 1915(e)(2), the Court dismissed the claims asserted by Plaintiff Genesson Beraut against all defendants in their official capacities, as well as the claims asserted by Beraut against Warden Kevin Mazza and Correctional Officer Lane Erwin in their individual capacities. However, the matter was referred to United States Magistrate Judge Hanly A. Ingram for further proceedings with respect to the excessive force claim asserted by Beraut against Defendant Brian Owens in his individual capacity. [*See* Record No. 10.]

Magistrate Judge Ingram issued a Recommended Disposition on September 29, 2025, regarding the remaining claim asserted against Defendant Owens. [Record No. 34] As outlined in the well-reasoned Recommended Disposition, Magistrate Judge Ingram recommends that the undersigned grant Defendant Owens motion for summary judgment because: (i) the excessive force claim asserted against him fails on the merits; (ii) Owens is entitled to qualified immunity regarding Beraut's claim; and (ii) Beraut did not properly

exhaust his administrative remedies regarding the subject claim. After addressing the merits of Beraut's claim against Owens, Magistrate Judge Ingram noted that:

> [a]ny objection to this recommendation must be asserted in response to this recommended disposition. The court directs the parties to 28 U.S.C. § 636 (b)(1) and Federal Rule of Civil Procedure 72(b) for appeal rights and mechanics concerning this Recommended Disposition, issued under subsection (B) of the statute. Within **fourteen days** after being served with a copy of this decision, any party may serve and file specific written objections to any or all findings or recommendations for determination, *de novo*, by the District Judge. Failure to make a timely objection consistent with the statute and rule may, and normally will, result in waiver of further appeal to or review by the District Court and Court of Appeals. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Wandasega*, 924 F.3d 868, 878 (6th Cir. 2019).

*Id.* Despite this warning, Beraut did not object to any of the Magistrate Judge's recommended findings, conclusions, or recommendations within the time provided.

Although this Court must make a *de novo* determination of those portions of the Magistrate Judge's recommendations to which objections are made, 28 U.S.C. § 636(b)(1)(C), "[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings." *Thomas, supra.* at 150. Accordingly, it is hereby

**ORDERED** as follows:

1.    United States Magistrate Judge Hanly A. Ingram's Recommended Disposition [Record No. 34] is **ADOPTED IN FULL** and **INCORPORATED** by reference.

2.    Defendant Brian Owens' motion for summary judgment [Record No. 31] is **GRANTED** with respect to Plaintiff Genesson Beraut's claim of excessive force. In addition to failing on the merits, Defendant Owens is entitled to qualified immunity regarding the subject claim. Further, Plaintiff Beraut failed to exhaust his administrative remedies regarding the claim of excessive force made against Defendant Owens.

Dated:  October 22, 2025.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky